IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WIDNELIA ARCE-REY
and SONIA CRUZ-MONSERRATE

Plaintiffs

vs                                                         CIVIL 06-1798CCC

HON. MIGUEL A. PEREIRA, in his
personal capacity and in his official capacity
as Secretary of the Corrections
Administration
and Administration of Corrections (AOC);
JORGE F. RAICES-ROMAN, in his
personal capacity and in his official capacity
as legal counsel of Corrections Department
and of the Administration of Corrections
(AOC)
LEEMARIS RODRIGUEZ, in her personal
capacity and in her official capacity as
Special Aid to the Secretary of Corrections
Department and Deputy Administrator of
the Administration of Corrections (AOC)
CARMEN ROLDAN-SERRANO, in her
personal capacity and in her official
capacity as Under-Secretary of Corrections
Department and Deputy Administrator of
the Administration of Corrections (AOC)
and PERSONS X, Z AND Y until now not
identified who might be responsible for
violating plaintiffs' constitutional rights

Defendants

# O R D E R

This is a 42 U.S.C. §1983 action based on alleged acts of political discrimination.  A

supplemental claim under Puerto Rico's anti-discrimination statute, commonly known as Law

100 (29 L.P.R.A. §§146, et. seq.), has also been asserted.  Plaintiffs are Widnelia Arce Rey

(Arce) and Sonia M. Cruz-Monserrate (Cruz), two former employees of the Commonwealth's

Department of Correction and Rehabilitation (Department).[1]     Defendants are the

_____

[1] The complaint, in its caption and allegations, makes reference to both the Department of Corrections and Rehabilitation (Department) and the Administration of Corrections (Administration).  See e.g. Complaint at ¶¶ 8.  It appears that plaintiffs worked for the Administration, but this agency is one of four attached to the Department, see 3 L.P.R.A. App. VI, §5, so they were in fact also employees of the latter.  Defendants hold positions in both the

CIVIL 06-1798CCC                                       2

Department's Secretary, Miguel A. Pereira, the under-Secretary, Carmen Roldán-Serrano, the Department's legal counselor, Jorge F. Raíces-Román, and a special aide to the Secretary, Leemaris Rodríguez.   Before the Court is defendants' Motion for Summary Judgment filed on July 27, 2007 (**docket entry 36**), plaintiffs' opposition filed on August 24, 2007 (**docket entry 3**), defendants' reply to the opposition filed on August 31, 2007 (**docket entry 48**) and plaintiffs' sur-reply to the reply filed on September 3, 2007 (**docket entry 49**).

The salient facts follow.  Plaintiffs Cruz and Arce held positions in the Department as Administrative Assistant I and Office Worker I, respectively.  Both were dismissed from the Department in June 2006, as a result of disciplinary proceedings initiated against them for an incident that took place in their work area on May 10, 2006.  It is undisputed that, on that date, a satirical leaflet about the administration of Governor Aníbal Acevedo-Vilá was distributed at the Department's licensing division, where both plaintiffs worked.  This leaflet, which pretended to be a letter from the Governor to the people of Puerto Rico, described a phony policy allegedly adopted by the Governor to confront the budgetary crisis being experienced by Puerto Rico at the time and which had forced a shutdown of many government agencies.  This phony policy included the implementation of several new programs, all of which had names whose acronyms in Spanish spelled profanities referring to various sexual acts and obscene words.  Plaintiffs were dismissed after being charged with photocopying and distributing the leaflet, while they aver having only read it.  The defendants are all officers of the Department that participated in the disciplinary proceedings that culminated with plaintiffs' discharge.

Defendants move for summary judgment as to the § 1983 claim under the First Amendment contending that plaintiffs have failed to establish that they were politically discriminated.  Defendants aver that there is no evidence on the record which establishes

_____

Department and the Administration.  For ease of reference, we make only mention of the Department unless it is also necessary to name the Administration.

that they knew the political affiliation of either plaintiff, and that even if they knew it, that by itself would not be enough to establish that politics was the substantial or motivating factor behind the adverse employment actions taken against them.  They further allege that even assuming arguendo that political affiliation was the substantial or motivating factor behind plaintiffs' termination, the same decision would have been taken regardless since it was based on their violation of several regulations of the Department stemming from their purported use of government equipment during working hours to photocopy material containing sexual profanities.  Defendants also raise being entitled to qualified immunity on said First Amendment claim.  With regard to the Law 100 claim, defendants indicate that as said act applies only to private employers or government instrumentalities that operate as such, and they do not qualify as either, it is not a viable cause of action.  Plaintiffs have refuted all of defendants' contentions, and insist that defendants knew their political affiliation, that their affiliation was the motivating factor behind their dismissal, and that the alleged legitimate reason proffered by defendants was just a subterfuge to disguise their discriminatory intent.  Plaintiffs also argue that as Law 100 provides for the imposition of supervisory liability against individuals defendants, their claims under said law are cognizable.

Defendants' averment that plaintiffs lack evidence to establish that they knew their political affiliation and that political affiliation was a substantial or motivating factor in the decision to terminate them rests only on the complaint's allegations.  See Defendants' Statement of Uncontested Material Facts (docket entry 36), at ¶¶ 3-4.  But we had previously noted, in denying defendants' previous motion to dismiss, that these allegations were enough to state a traditional political discrimination claim.  See Order dated January 29, 2007 (docket entry 17), at p. 3.  As to defendants knowledge of plaintiffs' political affiliation, the complaint states that while plaintiffs were passive members of the New Progressive Party (NPP), defendants identified them with a NPP activist who also worked at the licensing division.  Complaint, at ¶¶ 3, 4.  Additionally, and as to political affiliation being the substantial factor

CIVIL 06-1798CCC                                    4

in the decision to terminate them, the complaint depicts a scenario where the only reason for plaintiffs' termination was that they read the leaflet at issue (Complaint at ¶ 9), even though other employees who also read the leaflet but were members of defendants' political party, the Popular Democratic Party, were not similarly disciplined.  Complaint, at ¶ 11.

While defendants certainly had the opportunity to challenge the truthfulness of these allegations through the summary judgment mechanism, they failed to do so at least with regard to their imputed knowledge of plaintiffs' political affiliation.  Simply put, there is not a single document, affidavit or declaration submitted in conjunction with their motion for summary judgment which conclusively establishes that none of them knew the political affiliation of both plaintiffs.  A sworn declaration by each of the defendants so attesting would have sufficed.  Although defendants did rebut plaintiffs' contention that they were terminated only because they read the leaflet--the documents submitted in support of the dispositive motion indicate that plaintiffs were terminated after an administrative investigation of the incident concluded that they photocopied and distributed the leaflet during work hours and lied in a sworn statement provided during said investigation--plaintiffs have challenged the veracity of those findings and reaffirmed under oath the complaint's allegations on the reasons for their dismissal.  Thus, these conflicting factual averments, which raise a genuine issue and are material to the political discrimination claim, will have to be adjudicated by the finder of facts at trial.  Summary judgment is, thus, improper as to plaintiffs' political discrimination claim brought under the First Amendment.  These factual controversies also preclude the entry of summary judgment in defendants' favor on their request for qualified immunity.

There remains the issue of whether Law 100 may be invoked against defendants.  While plaintiffs are correct in asserting that Law 100 would apply to those defendants that were plaintiffs' supervisors, see Rosario-Toledo v. Distribuidora Kikuet, Inc., 153 D.P.R. 125

CIVIL 06-1798CCC                              5

(2000), they have failed to address defendants' argument that said law does not extend to any discriminatory conduct allegedly performed by them for they were government officials not covered by the Law's provisions.  Law 100 defines employer as follows:

> Includes any natural or [juridical] person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person.  It shall include all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or enterprises.

29 L.P.R.A. §151(2) (emphasis ours).

Hence, Law 100 would apply to the Department (and its agents) only if it operated as a private business or enterprise.  The enabling act of the Department, however, clearly establishes that it is a governmental instrumentality entrusted with implementing Puerto Rico's public policy related to the correctional system that functions, in all respects, as an integral part of the Commonwealth's executive branch.  See 3 L.P.R.A. Ap. VI.  So is the Administration.  See 4 L.P.R.A. §1101 et. seq. (enabling act of the Administration)  In essence, the Department and the Administration are arms of the Commonwealth and do not function as private businesses or enterprises.  Therefore, we conclude that both the Department and the Administration are not employers within the meaning provided for that term in Law 100, and nor are any of the defendants as agents of the Department and/or the Administration.  Consequently, the claims brought against defendants under Law 100 must be dismissed.

We need go no further.  Defendants' latest dispositive challenge has successfully done away with still another of plaintiffs' claims, that brought under Law 100, yet their cause of action for political discrimination under the First Amendment has once again survived brevis disposition.  Accordingly, and for the reasons stated above, defendants' Motion for

CIVIL 06-1798CCC                                  6

Summary Judgment filed on July 27, 2007 (**docket entry 36**) is GRANTED in part and DENIED in part.  Partial judgment shall be entered by separate Order DISMISSING plaintiffs' claim under Law 100.

      SO ORDERED.

      At San Juan, Puerto Rico, on February 14, 2008.


                                      S/CARMEN CONSUELO CEREZO
                                      United States District Judge